Good morning, Your Honors. Mike Bresnahan representing Bruce Lee Scott, the appellant. And, yeah, this is my first trip to San Francisco, so I'm kind of feeling my way through this, if you'd like me to proceed. Your Honors, I think the relief in this case probably turns on how we apply the holding in Stewart v. Smith, the U.S. Supreme Court case that was not provided by either side initially in their briefs, but which was added later by the government by letter. And I'm going to talk about that case, and it is admittedly sort of a fly in the ointment for the appellant in this case, but I'm going to try to address that. First of all, though, I'd like to get through a couple of the easier issues real quickly, or what appear to me to be easier issues, and then I'll get to Stewart. I think the right in issue here, jury trial, the right to a jury trial on aggravators in a sentencing setting is a fundamental right, and I've cited Apprendi, Duncan v. Louisiana, and this Court's cassette case. Can I ask you a question, just because this is what interests me and why I thought it was worth having an argument? It's not clear why isn't this case more easily resolved, although against your client, on the ground that there was no retroactivity of Blakely, so all of this really doesn't matter. I mean, that is, that he couldn't raise – this would be a Blakely issue, not really an Apprendi issue, and Blakely's not retroactive, and it came out after his direct appeal, so why isn't he just not able to raise it? Thank you, Your Honor, and fortunately for me, I did look at that issue and I was prepared to speak on that. There is some authority for the proposition that the Rule 32 of right proceedings are part of the appellate process and they extend that process out. The case is not final for the purposes that we're speaking about until the of right Rule 32 proceeding is final, and I cite State v. Cleary. My understanding is that those were cases in which there were guilty pleas, so there was never an appeal. Now, that was – the Rule 32 procedure was all there is, but here there was an appeal, right? Here there was an appeal and it ran its course and then there was a timely of right Rule 32 petition filed, and my reading of Cleary, even though the facts may be different, there is language in Cleary that at least seems to me to say that the Rule 32 proceeding is to be considered part of the appellate process. And then I cite a Ninth Circuit Court of Appeals case, which is sort of – it's sort of factually off point, but it talks about our – the Arizona's Rule 32 of right proceedings, and in the context of federal habeas corpus statute of limitations, in the context of when that begins to run. Counsel, to which case are you referring? Yes, Summers v. Sciro, and that's 481, Fed 3rd, 710. And based upon that line of cases and that line of thought, I'm arguing that Blakely was in fact part of the legal landscape before Scott's Rule 32 – his appellate process had concluded, if you add in the Rule 32 of right proceeding. Well, but was this an of right proceeding? I thought it was an of right in the Cleary situation because it was a guilty plea. Was this an of right proceeding, although it wasn't a guilty plea? It was an of right. Yes, it was the first – it was a first Rule 32 petition filed. As far as I know, it was timely filed, and that is an of right proceeding in Arizona. And so that's – that's the argument for – against retroactivity in this case. And that was one of the issues that I deemed to be a matter of reasonable debate, but I thought the case law cut Scott's way there. Back to the issues that I think are probably agreed upon. Under Arizona's Rule 32.283, the waiver rule, the waiver has to be knowing, intelligent, and voluntary. And I cite Cassett, which is out of this circuit, and then Espinoza. And then the other – Counsel, excuse me, Counsel. Cassett is distinguishable, is it not? Here the Arizona Supreme Court expressly determined that the apprendee claim was precluded. In Cassett, they did not. Doesn't that make Cassett inapposite? It makes it inapposite, yes. In an important way that I think goes to this question of whether Stuart v. Smith, the U.S. Supreme Court case, probably – is probably a fly in the ointment for us. But on the narrow issue of whether Rule 32.283 requires that the waiver be knowing, intelligent, and voluntary, I think that the case stands for that proposition, and that was all I – the extent of the point I was making there. Thank you. And I will have to deal with that more problematic issue. All right. To Stuart v. Smith. Well, here it seems like what the trial judge did in the Arizona court when you brought this question up didn't look a whole lot like what the Supreme Court said he was supposed to do, in the sense that he did seem to evaluate the merits of the apprendee claim at the time. So what do we do with that? If I understand the court's question, are you asking whether the – Well, what I'm saying is that what the Supreme Court said was that this is an independent rule, a rule independent of the merits, because the – according to the Arizona Supreme Court, what they're supposed to do is consider the variety of constitutional right, but not the merits of the constitutional issue. And so in this instance, they would consider whether the right to a jury trial is of sufficient constitutional magnitude. But that doesn't look like what the trial court did here. Well, I would agree. I don't think the trial court made any real finding, if I understand your question. It made a declaration of sorts. It announced that the apprendee claim had been waived because it had not been raised on appeal, although it had been raised at the trial court level, unlike some of the other cases that are sort of tangential to this brief. But the court didn't hold any kind of evidentiary hearing, and there's nothing else in the record indicating why the appellate attorney didn't include that in the appeal. And as we all know, those of us – well, as we all know, really, in the appeals process, the interaction between the appellant and the appellant's attorney is a little bit different in most cases than at the trial level. In many cases, the appellate counsel will simply select issues for his or her own reasons or not even see them and prepare a brief, file the brief, and the appellant plays very little, if any, role. Now, that's not my practice. Do you understand this issue actually was even raised in the trial court? I thought it was a slightly different issue. It was really the ring issue that was raised at the time that they thought there was going to be a death penalty claim. Are you speaking to this specific case, how it was raised in this specific case? Yes. No, I believe it was raised – I believe that the apprendee issue was raised, my memory serves me. With regard to the death penalty, the sentencing enhancement, but that's not what we have here and it's somewhat different. You may be correct. Again, your memory of this may be better than mine. I was operating on the assumption in memory that an actual apprendee claim had been made in the trial court, although I have to say it probably – I don't know that it necessarily matters if a similar claim wasn't raised. It matters only in the sense that it makes it less plausible to say, I suppose, that it was knowingly waived if it was never raised at all. Yes, I would agree with that, yes. But Stuart v. Smith is a problem for us and I'm going to try to get around it very quickly. There, the U.S. Supreme Court actually looked at our Rule 32.283 waiver, the waiver that deals with waiver determinations, and found that they are independent of federal law because they don't depend on a federal constitutional ruling on the merits. I just – I don't understand the ruling, but it is the law of the land and I understand we have to – I have to deal with it. But I have to say there are going to be circumstances, it seems to me, where the state courts are going to make a judgment call about what is a substantial right that's maybe different from how a federal court would view that same right. And under those circumstances, it seems to me that that ought to be reviewable. All right, you're out of your time now. We'll give you a minute in rebuttal. Okay, thank you. No, wait a minute. Stop now and you can come back and rebuttal for about a minute.  Oh, stop now. Okay. Thank you. Good morning, Your Honors. Assistant Arizona Attorney General Catherine Dramster appearing for the appellee or respondent in this case, Mr. Ryder. Simply put, Your Honors, this case was precluded in the state court, this particular claim. The court found it had been raised at the trial court level as it was under Jones and Richardson when it was in the county court. It doesn't really seem to me it was raised at the trial court level. It was raised. There was a pretrial motion pursuant to U.S. v. Jones and Richardson. Only having to do with the death penalty. Yeah, at that time it was being presented as a capital case. Right. He was eventually convicted of second-degree murder. And then there was no really have to do with this part of the statute that is similar to the one that was involved in Blakely and in Booker in having a middle-range sentence and then having enhancements and mitigators and so on. It's a different part of the statute that was being challenged, right? A different statute that was being challenged. Yes, correct, Your Honor. All right. So it really wasn't raised at the trial court. It was not raised before the trial court in that respect, no. So the question then is whether there is a – so if we think – this is what's weird about it. So if the trial court in Arizona, you know, was wrong about that, and is that any of our business? I'm afraid not, Your Honor. It's the trial court's application of an Arizona rule to an Arizona case. And under our rules, that claim was precluded. So under the procedural bar, if a trial court just rules completely wrong – in a way that we could just see is totally wrong with regard to Arizona law, we could just walk away from it. That may be, but that's – His remedy would have been to have brought that up in his line of petitions for review through the Arizona courts, which he failed to do. What about the other question, the one that I was just curious about, the Blakely retroactivity problem? This is not an of right petition, contrary to what counsel says. Under the precise terms of Rule 32.1, those – an of right petition is only in the cases where you have a defendant who has pled guilty or no contest where he doesn't have a direct appeal available, such as in the Cleary case where the defendant had pled guilty. So what case explains that? It's – I honestly don't know. It's right in the rule. It's something you know under Arizona law. It says so right – you know, it's the expressed term of the rule that that's what an of right petition is. So if it's up to the rule, we can figure that out? Yes, in the second paragraph of Rule 32.1. Okay. At the very end of it. Yeah, so clearly, you know, Blakely and – can't apply to this case. The definition of what a statutory maximum was for sentencing purposes wasn't really defined to include aggravators until that time. At this – when this case was decided, the trial court just had made a finding of aggravators as it was entitled to do and found three to exist, and it was sentenced within the statutory range as that existed at that time. The presumptive term under ARS 13-710, which is the statute under which he was convicted for – or the sentencing statute for second-degree murder, the statutory maximum is 22 years as it was defined at that time before Blakely redefined that term to say anything beyond the presumptive would qualify. Here we just have a straight case of a procedure of default here because the trial court has expressly found that under Arizona rules, this claim was precluded. It was raised. But what he didn't do was – and this is the way the COA is worded. What the trial court didn't do was determine whether the special rule for cases of substantial constitutional magnitude applied. So he never said there was a knowing, voluntary, or intelligent waiver, right? Correct. And that also is not our problem? I'm afraid not, Your Honor, because it is – it's a state rule. And – It's a state rule, but if he applied the wrong rule? If he applied the rule incorrectly, his – this court doesn't enforce state rules. I mean, if the trial court were incorrect, and it is not, under Arizona law we have subsequently found, as in like State v. Towers, State v. Gasol, that these rates can be waived without the knowing, intelligent, and voluntary waiver. Which can be waived? The right to a jury finding of aggravators. Why is that? Pardon? Why is that? Well, the Arizona courts have treated them that way, as waivable issues that, when they are not raised on appeal – Without a knowing, voluntary, intelligent waiver. Require a knowing, intelligent, and voluntary waiver. But doesn't that mean – doesn't that bump up back against Stewart? Because if they were doing that, it had to have been on some ground other than the way the Arizona Supreme Court characterized the rule. In other words, we would have to agree that a right to a trial by jury is an issue of sufficient constitutional magnitude, right? That's correct. So if they're not treating it that way, then they're treating – then they're looking at the merits of the issue. They have to be. How else could they be not applying the knowing, voluntary, intelligent waiver? Well, they're not applying it in cases where it has not been – where it comes up secondarily, like in a direct review. They're saying if it's not been raised in the appellate process, that it's been waived. But the rule says that if it's a claim of sufficient constitutional magnitude, it needs a knowing, voluntary, and intelligent waiver. It does. But the appellate courts are not set up to make findings of that sort. I mean, if the appellate court hears – You're saying they're not doing that. I'm sorry? You're basically saying they're not doing what the Supreme Court was told they were going to do. That's why I find this case difficult. It is a little perplexing in that respect, Your Honor. But in this case, we have the clear conclusion found by the trial court at that time. And under Stuart v. Smith, the trial court did not get into the merits of this claim. It just said it was raised in the trial court or not. It certainly wasn't raised on appeal. An apprendee existed at that time, and therefore, it is procedurally defaulted under Rule 32.2. Okay. And that, I think, ends our analysis. If you have no further questions. Thank you. Thank you. I'll give you a minute or so. Appreciate it. Very quickly, Your Honors. The statutory maximum, at least in retrospect, in Arizona at the time was 16 years. Special findings, statutorily defined findings had to be made for the sentence to go over 16. So I would disagree with that. And I, again, back to this point of how – Disagree with what? I'm sorry. Pardon me? What is it you disagree with? Oh, I disagree with counsel's assertion that the maximum was actually 22 years at the time. Sorry. And back to this issue of whether the – this question of whether an issue is a sufficient constitutional magnitude is reviewable by the federal courts. I assume they're referring to the federal constitution. And it seems to me that if the state makes a palpably bad call on whether something is of that magnitude, that raises a federal issue. And so I think this court should – And why does it raise a federal issue? Well, because this court can look at that same right that's been allegedly waived and say, no, this is a – this is of sufficient constitutional magnitude. That's their rule. That's a state rule. Why is the federal court going to be involved in deciding a waiver requirement that doesn't exist in federal court ought to be applied in federal court because the state announces it's for state court? Well, I guess the way I view that is that the federal court makes final decisions regarding what the constitution says. The rules seem to have been derived from some federal case which maybe is no longer extant. That's my surmise. Do you know where this rule came from, the substantial constitutional magnitude rule? Offhand, I don't. I think I did at one time. It may have been a spinoff of Fay v. Neuer or something. I'm not sure I can help you there. Okay. Anyway, thank you. Thank you very much. The case of Scott v. Ryder is submitted.
judges: Nelson D. W., Berzon, Clifton